cases will be called as previously announced the times will be as a lot of the council The first case today is number one five two four six seven United States versus Jesus Good morning, your honors May please the court Franco Perez Hilton on behalf of defendant As well as the Vega-Rivera, I'd like to reserve two minutes for rebuttal Thank you judge in the present case the district court incorrectly applied a two-level enhancement under guideline section 3 c 1.2 The district court additionally abused its discretion in imposing as a condition of supervised release then mr. Vega-Rivera Submit to electronic monitoring and that he undergo curfew for six months after he is released from prison The first point I want to make concerns the The first issue and that point is that facts matter and the facts here are insufficient As a matter of law to support an enhancement under guideline section 3 c 1.2 at sentencing the district court stated that the enhancement Applied based on a very general and undeveloped record in fact the court fit its reasoning into three very brief sentences stating that mr Had fret let police at a high rate of speed that he crashed Excuse me Is there any doubt that he spent away in high speed There there is no doubt as to that. However, there is that he crashed That is correct. That's what the record should go on That he later Exited the vehicle with a pistol in his hand. All right Is there any doubt about that no doubt about that either keep going and that he was that he ran until he was caught On that last point, where was he? This was on Road 177 Where it intersects with Francisco Sainz Street Wasn't near any school. Well, it was near a school. Yes, sir however We don't know there are very important geographical and temporal aspects that are missing from this record What the record doesn't show is as important if not more important than what it does show And here I just want to state first of all that the record does not support the district courts finding That mr. They got even I ran until he was caught What the record does show as stipulated in the plea agreement and in the PSR isn't mr They got even I discarded his weapon and that he later surrendered to the Puerto Rico police So there is that mark difference Running until you're caught or running until you finally surrender after you Don't decide not to run anymore Well, it shows that he just he didn't continue running and we also don't know how long he ran and Just to get by that time Well, we don't know that your honor. The record simply doesn't state weather over what distance and what amount of time? the chase Lasted also, I just want to know if is the idea that if he kept running it would be reckless But because he stopped it wasn't Well again, I mean I would what's the relevance of the point you're making well the relevance is as we stated in our brief that He voluntarily opted to surrender. He didn't Continue running. I also want to note that the record doesn't Explain it states that he ran at a height speed, but it doesn't say relative to what we also don't know for how long and over What distance? Mr. Vega fled from police also missing from the record is whether there were pedestrians in the area Which is a residential neighborhood was the crash offender vendor. Was it a more severe crash Was mr. Vega fault does the record show where he discarded the gun the record states that he discarded the gun at a nearby parking lot for a Scotiabank However, we don't know whether There were people there at that time I Also want to note that we don't know as I stated earlier the distance from where the chase took place relative to the school and if we look at the case law discussing Guidelines sections 3 c 1.2. We see that specificity In this finding matters if we go to got it or none this There was evidence presented at sentencing by one of the police officers who chased a defendant and he stated That the streets were lined with houses on both side of the roads that the defendant traveled at speeds of approximately 45 to 50 miles per hour in the early afternoon hours the officer who? testified in that sentencing also stated That the chase took them over large hills of obstructed sight lines here. We have nothing of that sort. We simply don't know The distance over which the police chased mr. Vega Other cases such as Cruz And Alicea show in Cruz for instance the defendant ran his vehicle into other police vehicles And he drove on to the sidewalk. There's nothing simply of that sort here in Alicea The defendant fired gunshots at pursuing officers Got it or none. This also cites other cases where the Let's see a risk threshold is much lower. However again, it all goes back to the details In fairness for instance the defendant let the police on a 1.8 mile chase Again over residential neighborhoods and eventually the defendant jumped into Lake Michigan He had so officers had to jump into the lake to arrest the defendant there. Is there any doubt that there was an urban area? Well on this record So What whether it was an urban area The the record shows that the judge the sentencing judge did not take that into account He took into account that there was a college nearby But again this we have a record a guideline But somewhere I read that it was an urban area if it was an urban area Would your argument be the same Yeah, I mean perhaps if it was an Area where there were houses lining in the sides of the road that urban area includes houses industries Commerce I It implies people. I understand your honor's point And yes if there were people nearby then the guideline would clearly apply because the guideline clearly Speaks of the creation of a substantial risk in order for there to be a substantial risk there have to be other people nearby I think that everyone knows the officers testified that there were people in that area in that residential neighborhood This is also I can't be that there would be people who would come to the place the next morning He discarded the gun presumably because he hoped it wouldn't be found by the police, right Yes, so is the act of putting it there was meant to be so that they wouldn't find it Which means it would be there the next morning. He was hoping and We could presume people would be at the bank the next morning So there are people there for all practical purposes, right? Well, there might be people there the next day, but if the officers were pursuing him It would be reasonable, but that he didn't throw it. So they'd find it He threw it to discarded. Yes, so they wouldn't find it Which means he was hoping it would be there the next day because they wouldn't have found it But the people would be there the next day at the bank I mean on this record. There's I Understand your honors position, but we submit that it simply isn't enough. It would have The officers were after me and the record just simply isn't developed enough And the reason that the record isn't developed is because the government agreed with Defense Council affirmatively that these Mr. Vegas actions just didn't rise to the level of risk. There are no more questions I'm already ours. Good morning Honorary is on behalf Yes, your honor one race on behalf of the United States, please I mean doesn't this case come down to whether the record demonstrate that there's a suffix a sufficient factual development From which the court could have drawn reasonable inferences to support its conclusion Well, there it's it is a with respect to the enhancement it is a mixed question of law in fact but the how the cases have treated this type of issue is as a factual finding and they have reviewed it for clear error and For example the case that the defense relied upon heavily in their case in their brief Which is a United States versus Lard from the Seventh Circuit that case reviews the issue as a factual finding for clear error Even if the record is insufficient to support the court's factual findings, then the court is clearly error. So that's it seems to be what the Appellant is arguing here an insufficient factual basis for the court's finding and thus the court clearly error But the record as we submitted in the brief is sufficient your honors In as there are two issues here. The first one is whether the defendant acted Recklessly and whether the defendants second is where the defendants conduct created a substantial risk of Death or serious bodily injury as to the first issue. We note that at sentencing the defendant did not press The the issues on the recklessness issue in particular Defense Counsel stated That and I quote we may concede that there is a risk and defendant may have acted recklessly Later she stated that she may concede that her client acted recklessly and he created a risk But she argued that the risk was allegedly not substantial we submit your honors that that is a waiver with respect to the first issue the recklessness part of the analysis and But in any event with respect to both issues the recklessness issue and the substantial risk issue We submit that this court's opinion in Carrero Hernandez is dispositive the guidelines speak of with respect to the recklessness the guidelines speak require a gross deviation from the standard of care that a reasonable person would exercise and there's an example which ordinarily classifies as a Reckless as reckless conduct and it is where there is a an involuntary manslaughter That is that results from driving a vehicle while under the influence of alcohol or drugs We submit your honors that the defendants conduct in this case is at least as if not more reckless than driving under the influence of alcohol It's almost a concession that driving at a high speed and crashing into a vehicle Recklessness, but I thought that the thrust of their argument though was that it didn't really create a substantial Risk of harm to that. Yes, your honor. That is the thrust and so it's it's they're challenging the Injurious efficiency of the court's findings. So if you could just help me with that, I'd appreciate it. Certainly are I Just want to briefly Highlight the facts in Carrera Hernandez so we can compare In Carrera Hernandez this court noted that there was a brief chase not conducted at stupendously high speeds On small back roads in a heavily populated area during the early evening During which the defendant did not stop at intersections and at one point let police off the pursuing police officers up a hill Where the police officers? Cannot see what was on the other side of the hill this court found that based on those facts there was reckless conduct and that the risk and I quote that the risk of serious injury or Death could hardly have been more obvious and that's Carrera Hernandez in the instant case We have that the defendant disobeyed police officers during a traffic stop He fled while driving at a high rate of speed and this is in the in the plea agreement Actually, it is both in the plea agreement and in the PSR He eventually crashed into another vehicle and this was in Road 177 in the intersection where Road 177 meets with Francisco saying a street and that's also on the record and it's not disputed He abandoned his car leaving two loaded high-capacity ammunitions magazines inside Each of them was full with 20 rounds of ammunition each He fled north running with a loaded Ammunition wouldn't do much for you. Would it? I'm sorry. The ammunition can't be utilized without a gun. So What will your honor the ammunition could be struck it could be used by some other person that has a firearm or struck in a way that it may cause a Risk, but that's not the only factor your honor. There's more He fled north running with a loaded machine gun in his hand through this street located right next to a Metropolitan to the Metropolitan campus of the Inter-American University of Puerto Rico. So so clearly and in In response to your honor just the Reyes question This was an urban area and the district judge knows that he he lives in Puerto Rico and this is the Metropolitan It's not a rural area. It's a metropolitan campus of the incentive San Juan San Juan area Well, your honor that was a determination that was made during plea negotiations and During plea negotiations there are different aspects that come about and in this case the prosecutor then negotiated the plea agreement He agreed to stipulate to that to that to not applying the enhancement and That's sentencing with the prosecutor said was with the prosecutor explained that the reason why? They had not included it in the plea agreement was not was that they agreed at that time they agreed that It wasn't a substantial But we submit your honor that the issue before this court on appeal is not the subjective Beliefs of the prosecution at the time that it entered into the plea agreement But rather the district courts judgment the district courts whether the district court Abused its discretion in imposing the enhancement and the United States brief Submits that and explains why there was no abuse of discretion in this in this area again with respect to preserved  Within that standard, this is a sentencing appeal within that standard interpretation of the guidelines would be reviewed de novo and Factual findings for a clear error. What was the gun that was discarded loaded? It was loaded and it was not only loaded your honor It had a bullet in the chamber when he threw the gun it had a bullet in the chamber because when the police found it It had a bullet in the chamber and that is another aspect that increases The risk of a substantial bodily injury to someone and just I understand how the government thinks about the facts of this case and how they line up with Enhancement is the idea that each of the two acts the fleeing at the high rate of speed and crashing into the car and The discarding of the gun are independently Reckless acts that causes substantial bodily injury or is the idea that it's the combination of the two that makes it We believe that it should they should be considered in the aggregate the risk that so you don't think either one independently would be enough We do believe based on this court's opinion in Carrera and on this each one is enough each each one in Carrera none speaks as to fleeing from the police and Actually the case cited by the defense Lord it speaks as to throwing a firearm that is loaded We submit that both Have a substantial risk of death or serious bodily injury and in this case we have them both and they that risk should be considered in the in the aggregate and Also, your honors this occurred in broad daylight around 4 p.m. And Vega never contested at sentencing the probation officers factual assertion that Students are around all the time in this area and that's at page 48 of the appendix Yes, we submit that independently they're enough but if this court considers them in If it were to believe that one of them is not enough then certainly in the aggregate it would be how does that work? Because that sounds like zero plus zero equals one Well, there's there's a the guidelines talk about whether his conduct created a substantial risk of death but if neither of those things did what how does putting the two of them together do it because if there is a and all perhaps an almost substantial risk in one and there's an That is exacerbated by his actions and for example leaving the firearm in the car throwing a loaded Machine gun. This is not just a any farm. This is a machine gun with with one pull with one pull of the trigger It'll empty the whole gun and the gun the gun was loaded with I believe 20 21 rounds of ammunition. So this is certainly a dangerous Activity and this court's opinion in Carrera none. This has we stated is dispositive The owners have any questions Thank you, thank you I'm gonna ask you a question, which I will exclude from the time you have Does it make any difference? If it's an urban area, does it make any difference that there are actually people standing around or not? Is it the fact that if it's an urban area? there is the risk that people will come into the scene at any at any moment and that is part of the Formula that we should keep in mind Your honor to answer your question with a more developed record that If the government had actually presented witnesses during sentencing and established that other people had been there no My question is if my question is does it make any difference that there were people there if it's an urban area? Isn't it creating a substantial risk that people will be around in an urban area? Is that enough? Well on this record again to answer your question I we simply don't believe that that is enough there There should have been more evidence presented to that effect had there been testimony from the agents as in Cajon and this and all these other cases that we say where there was actually the an agent presented for the court, then I think it would be a much closer issue and Thank you judge on that point I just want to state first of all the government Mentions Lard and in the Lard case the Seventh Circuit cites a Tenth Circuit case Brown Where the defendant was fleeing from police and he tossed a firearm as he was running in that case the enhancement was upheld because There were schoolchildren nearby exiting a school bus and it happened in front of an apartment complex So there were concrete facts that showed that there were other people there. So it's there definitely was a creation of risk with respect to other Individuals. I also want to note that at the district court level what why is leaving a loaded machine gun in the parking lot not something reckless that causes a risk of Injury, but what's the argument for that? I just not following it Well fancy question judge in in this particular case, we just simply don't know if there were people I know we don't know It's a parking lot of a bank We know that right and if I leave a loaded machine gun in the parking lot of a bank Why is that not a reckless action? Well, if the record contain more that's what it contains I just don't understand that what is the answer to that that seems like I Wasn't Well, what I suggest your honor is that recklessness simply isn't enough there also has to be that substantial risk It is load. It's a loaded machine gun. That doesn't create a risk of injury to someone That is correct your honor But if we look at the record, we see that the district court didn't take that into account when he made his determination Thank you, thank you